IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADRIANA PASTOR (KRAMER), | § § § | |
| *Plaintiff,* | § § | SA-24-CV-00024-JKP |
| vs. | § § | |
| LEONARDO MADRIGAL, PEDRO PATRON, ALDO SHIAVON, JAVIER GUERRERO, MOISES TEJEDA CARRILLO, JUAN GARCIA, | § § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the review of the pleadings pursuant to 28 U.S.C. § 1915(e). All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.

**I. Background and Analysis**

Plaintiff Adriana Pastor (Kramer) filed this case on January 5, 2024, by requesting leave to proceed *in forma pauperis*. The Court granted Plaintiff's motion and ordered Plaintiff's Complaint be docketed but that service be withheld due to concerns about the Court's subject matter jurisdiction over this case. The Court therefore ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdcition on or before February 29,

1

2023.  The Court's order directed Plaintiff to explan whether she is asserting any federal causes of action and whether she believes Defendants to have violated federal law.  To date, Plaintiff has not responded to the Show Cause Order.  The Court will therefore recommend the Court dismiss this case for lack of subject matter jurisdction and failuire to follow a court order.

Plaintiff's Complaint alleges a cause of action for breach of contract against six Defendants related to franchise agreements for restaurants in various Texas cities.  Plaintiff is a citizen of Texas, and it appears all six Defendants are also Texas citizens.  Plaintiff generally alleges violations of United States and Texas laws but only mentions breach of contract, slander, and defamation.  These are all claims arising under state law.

Federal courts are courts of limited jurisdiction.  This Court only has jurisdiction and authority to entertain cases that either (a) raise a federal question (involve claims arising under the United States Constitution or a federal law) or (b) fall under the Court's diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332.  For the Court to have jurisdiction over a state-law claim under the Court's diversity jurisdiction, the matter in controversy must exceed $75,000 and be between citizens of different states.  *Id.* at § 1332(a).

Plaintiff, as the person bringing this case in federal court, bears the burden of establishing this Court's subject matter jurisdiction.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Plaintiff also bears the burden to "distinctly and affirmatively" allege the citizenship of the parties.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  Plaintiff does not plead the citizenship of the various Defendants in her Complaint, and it appears they are all Texas residents who run restaurants in various cities in Texas.  Accordingly, Plaintiff has not established diversity jurisdiction.

Nor has Plaintiff pleaded any legal claim arising under federal, as opposed to state, law. Breach of contract, defamation, and slander are all causes of action arising under state law. Plaintiff's Complaint does, however, reference the continued use of her trademarked logo, detailed recipes, and menu after failing to pay Plaintiff pursuant to the parties' franchise agreement. (Compl. [#1-1], at 32.)  The Lanham Act provides a cause of action for trademark infringement against a person who uses (1) any reproduction, counterfeit, copy, or colorable imitation of a mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution, or advertising of any goods; (5) where such use is likely to cause confusion, or to cause mistake or to deceive. *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008).  It is plausible that Plaintiff is attempting to bring a claim under the Lanham Act for trademark infringement.  However, this is unclear from the Complaint, which focuses on breach of the franchise agreement.

Plaintiff has not responded to the Court's Show Cause Order issued on February 15, 2024, requesting additional information as to what type of claim she might be asserting or if she believes Defendants violated any federal laws.  As currently pleaded, Plaintiff's Complaint does not state a plausible cause of action under the Lanham Act.  Rather, Plaintiff appears to plead that Defendants all ran restaurants under valid franchise agreements but breached those agreements when they stopped paying the required fees under the agreement.  These are claims that may be brought in state court.

In summary, because Plaintiff has not pleaded facts giving rise to the Court's diversity or federal question juriscition, the District Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e).

## II.  Conclusion and Recommendation

Having considered Plaintiff's Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends Plaintiff's claims be **DISMISSED** for lack of subject matter jurisdiction.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of March, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE